## Charles I. Imes, Adm'r, v. The Chicago, Burlington & Quincy R. R. Co.

1. ORDINANCES—*Part Void and Part Valid.*—Where one part of an ordinance is void and another part valid, the void part can not have the effect to render the whole ordinance void.

2. RAILROADS—*Plaintiff Must Prove that Deceased Was Exercising Ordinary Care to Avoid Injury.*—Although at the time of the injury the railroad may have been running its train at a high and unusual rate of speed, at a rate prohibited by ordinance, and may have failed to comply with the statute requiring a bell to be rung, or a whistle to be blown, the burden is still on the plaintiff to prove that the deceased at the time of the accident was in the exercise of ordinary care to avoid injury.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of McDonough County; the Hon. JOHN A. GRAY, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 24, 1902.

SWITZER & MELOAN, attorneys for appellant.

SHERMAN, TUNNICLIFF & GUMBART, attorneys for appellee; CHESTER M. DAWES, of counsel.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought by appellant as the administrator of James J. Windsor, deceased, to recover damages for the killing of deceased by a train while he was attempting to cross appellant's railroad at a street crossing in the city of Colchester, Illinois. When killed, deceased was riding in a wagon, drawn by two mules which he was driving.

The declaration contains four counts. The first count charges that the defendant carelessly and improperly managed the locomotive and train; the second count charges a violation of the statutory duty to ring the bell and blow the whistle; the third count charges that the train was run in violation of a speed ordinance of the city; and the fourth count charges that the train was run at a great and dangerous rate of speed, without keeping a proper lookout, etc. The court sustained a demurrer to the third count because of the invalidity of the ordinance on which it was

based. The ordinance made it unlawful to propel a loco-
motive or car within the city at a greater rate of speed than
ten miles per hour, or "at any speed so as to endanger the
safety of persons or property while passing across or over
the track of any railroad in the city." Issue was taken on
the other three counts and a trial was had by jury. At the
conclusion of the evidence, the court, upon the motion of
defendant, peremptorily instructed the jury to return a ver-
dict for the defendant.

In seeking a reversal of the judgment appellant urges:

1. That the court erred in sustaining a demurrer to the.
third count of the declaration.

2. That the court erred in instructing the jury to return
a verdict for the defendant.

While cities and villages may, by ordinance, regulate the
speed of railroad trains within their corporate limits, it is
expressly provided by section 87, chapter 114, Hurd's re-
vision of the Illinois statutes, that "no such ordinance shall
limit the rate of speed in case of passenger trains to less
than ten miles per hour, nor in any other case to less than six
miles per hour." It is clear that the city council of Colches-
ter had no power to limit the rate of speed below that men-
tioned in the statute, and that part of the ordinance in
question which makes it unlawful to run "at any speed
so as to endanger the safety of persons or property while
passing across or over the track of any railroad in this
city," is void. As one part of the ordinance does limit the
rate of speed to ten miles per hour, it is contended that the
void part can not have the effect to render the whole ordi-
nance void. We are inclined to that view, and the follow-
ing authorities are in point: Kettering v. the City of Jack-
sonville, 50 Ill. 39; Harbaugh v. City of Monmouth, 74 Ill.
367; City of Quincy v. Bull, 106 Ill. 337. The court erred
in sustaining a demurrer to the third count. But is the
error such a one as to require a reversal of the judgment?
By taking this count out of the declaration the plaintiff was
precluded from introducing any proof, excepting the ordi-
nance itself. All proofs that could have been produced
under that count, except the ordinance, were introduced

under the other counts. If we can say that the court, with all the evidence contained in this record and the additional evidence of the ordinance, should have directed a verdict for the defendant, then the error is not sufficient to reverse. This brings us to a discussion of the other point of contention.

The evidence shows that deceased drove upon the railroad track in a trot; that he did not look in the direction from which the train was coming, although there was an unobstructed view in that direction for a distance of two miles; that there was level ground and ample room to turn his team had he seen the train and desired to do so. He was evidently thinking about other things than the dangers of the place and was oblivious to his surroundings. He used neither eyes nor ears. He did not approach the crossing as though it was a dangerous place and as a careful and prudent man would have done. There was lacking that element of proof necessary to the plaintiff's case. The defendant may have been running its train at a high and unusual rate of speed, at a rate prohibited by ordinance; it may have failed to comply with the statute requiring a bell to be rung, or a whistle to be blown, but the burden was still on the plaintiff to prove that the deceased at the time of accident was in the exercise of ordinary care to avoid injury. C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; C., M. & St. P. Ry. Co. v. Halsey, 133 Ill. 248; Lake Shore and M. S. Ry. Co. v. Hessions, 150 Ill. 546; C., B. & Q. R. R. Co. v. Gunderson, 74 Ill. App. 356.

The doctrine of comparative negligence is no longer the law of Illinois. To entitle appellant to recover in this case, it devolved upon him to prove the averment in his declaration that the deceased was, at the time he met his death, in the exercise of ordinary care for his own safety. As he failed to do that, and the proofs, on the contrary, show that the deceased was unmindful of the dangers surrounding him, and neither looked nor listened before driving upon the railroad, the Circuit Court properly directed a verdict for appellee.

Judgment affirmed.