STEPHENSON DAVIDSON, ADMINISTRATOR, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 10 May, 1916.)

**1. Railroads—Contributory Negligence—Public Crossings—Look and Listen—Issues—Last Clear Chance.**

Where the evidence tends to show that the plaintiff's intestate, without looking or listening, attempted, in the daytime, with an unobstructed view, to cross defendant's railroad track in front of a slowly approaching train, heedless of a shout of warning by defendant's employee thereon given to another, when he was 6 feet and the locomotive 10 feet at right angles to the point of contact, but continued to walk forward, and received the injury resulting in his death: *Held*, should the facts be accordingly established, the contributory negligence of the intestate will be regarded as the proximate cause of the resulting injury, and bar recovery, and an issue as to the last clear chance is properly refused.

**2. Same—Presumptions.**

Where in an action against a railroad company to recover damages for the negligent killing of plaintiff's intestate there is ample circumstantial evidence that his death was proximately caused by his contributory negligence in failing to look and listen, or observe the caution required of him before going upon the track in front of defendant's train, there can be no presumption in his favor that he had previously looked or listened for the approach of the train.

APPEAL by plaintiff from *Carter, J.*, at March Term, 1916, of MECKLENBURG.

Civil action tried upon these issues:

1. Was the plaintiff's intestate's death caused by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

2. Did the plaintiff's intestate contribute to her death by her own negligence, as alleged in the answer? Answer: "Yes."

3. What damages, if any, is the plaintiff entitled to recover?   Answer:   ....

The plaintiff tendered the following additional issue: "Notwithstanding the contributory negligence of the plaintiff's intestate, could the defendant, by the exercise of ordinary care, have avoided the injury and death of plaintiff's intestate?"   The court declined to submit this issue.   Plaintiff excepted.

From the verdict and judgment rendered, plaintiff appealed.

*J. M. Roberson for plaintiff.*
*Cansler & Cansler for defendant.*

BROWN, J.   This case was before us at last term and is reported in 170 N. C., 281.   On that trial a motion to nonsuit had been sustained apparently on the ground that upon the plaintiff's evidence his intestate was guilty of contributory negligence which barred a recovery. We then held that the evidence was of the character that required the issue of contributory negligence to be submitted to the determination of a jury.   We are of opinion that the court properly refused to submit the issue tendered by the plaintiff, as there is no evidence upon which to base it.

The evidence of contributory negligence on this last trial is clearer than on the first trial, and tends to prove that plaintiff's intestate was familiar with this crossing, as she had been passing over it daily for three weeks.   As she approached the crossing, defendant's train, which consisted of an engine and three box cars, with either one or two box cars in front of the engine, stopped at the main-line switch.   The switch was opened and then the train approached the crossing, coming up grade about 2 or 3 miles an hour.   The engine was puffing and making a noise, but neither ringing a bell nor blowing a whistle.   There was a brakeman on the box car who was so close to the leading end that he could be seen when he was halfway, standing up, by a man standing on the ground 12 or 14 feet away.   There was a man standing on the track, just within the gates of the ice plant, with his back towards the train.   When the leading end of the box car was on Eleventh Street within 10 feet from where the plaintiff's intestate was struck, the brakeman on the box car warned the man, who was standing on the track, by shouting "Look out!" loud enough to be heard 50 yards, and the man (plaintiff's witness Overcash) jumped from the track.   When the man hollered "Look out!" Lucy Davidson was 6 feet from the track, and the front end of the train was 10 feet from her. It had to run 10 feet while she was going 6 feet.   She was walking with her head down, paying no attention.   There was nothing to keep her from seeing the train as she approached the track.   It is manifest that

if she had listened she would have heard it, and if she had looked she would have seen it.

The only eye-witness, Overcash, testifies that: "He (the brakeman) hollered loud enough for any one to have heard him 50 yards. There was nothing to prevent the woman from looking up and seeing the car as it came towards her, when I first saw her, if she had been looking."

The evidence shows that after the brakeman hollered, the train moved 10 feet and the intestate continued to walk 6 feet before she ran into the moving train. She was in the act of stepping on the rail as the end of the car hit her. The evidence fully warrants the court in refusing to submit the issue tendered by plaintiff, and plainly justifies the instructions given upon the issue as to contributory negligence.

It is well settled that where a pedestrian, in the *daytime,* steps upon a railroad track, the view of which is unobstructed, and is injured thereby, and has not looked or listened, his own negligence is the proximate cause of the injury, and such negligence will preclude his recovery.

In the case of *Trull v. R. R.,* 151 N. C., 545, in which the facts are similar to the facts in the present case, the engine, before approaching the crossing, had to stop and allow a switch to be thrown, and then came onto the crossing without giving the usual signals. Just at the crossing, and at the precise time of the impact, the plaintiff stepped from a position of apparent safety onto the track, just in front of the moving engine, and was run over and killed.

The Court said: "On this statement we think the intestate was guilty of contributory negligence, barring recovery, and the order of the court below dismissing the case on a judgment of nonsuit must be affirmed."

That case seems to be on all-fours with the case at bar.

In *Coleman v. R. R.,* 153 N. C., 322, we said: "The doctrine that such negligence bars recovery has been consistently recognized by this Court in at least thirty-five cases, beginning with *Parker v. R. R.,* 86 N. C., 221, and ending with *Mitchell v. R. R.,* this term."

The plaintiff requested the court to charge the jury upon the second issue that in the absence of all evidence tending to show whether plaintiff's intestate stopped, looked, and listened before attempting to cross defendant's track, the presumption would be that she did.

This instruction is predicated upon the theory that there is no evidence whatever throwing light upon the intestate's conduct as she approached the track. The instruction was properly refused, because there is abundant evidence tending to prove that the intestate did not stop, look, and listen as she approached the track, but actually walked heedlessly into the moving car and was struck as she put her foot on the rail. This conclusion was evidently deduced by the jury from the

testimóny of plaintiff's witness Overcash, and the testimony fully sup-ports it.

The cases cited by the learned counsel for plaintiff are all wanting in any kind of evidence, positive or circumstantial, throwing light upon the conduct of the deceased. That is not the case now before us. The presumption of the exercise of due care on the part of the deceased is repelled if the circumstances in evidence, as in this case, show that she must have seen the train if she had looked, or must have heard it if she had listened, in time to have prevented the accident. *Imes v. R. R.,* 105 Ill. App., 37; *Crawford v. R. R.,* 109 Ia., 433; *Ma-lott v. Hawkins,* 159 Ind., 127; *So. Ry. Co. v. Davis,* 34 Ind. App., 377; *Mitchell v. R. R.,* 64 N. Y., 655; *Haetsh v. R. R.,* 87 Wis., 304; *Wil-cox v. R. R.,* 39 N. Y., 440; 100 Am. Dec., 440 and Notes.

In this last case, supported by copious citations in the notes to the Am. Dec., it is held that it will be presumed that a person injured in attempting to cross a railroad track did not look before crossing,.if it appears that had he done so he must have seen the approaching train in time to have avoided it.

In deference to our former opinion, the court submitted the issue of contributory negligence to the determination of the jury with clear and appropriate instructions, placing the burden of proving it upon the defendant. The jury found it against the plaintiff, and we find noth-ing in the trial of which he has just cause to complain.

No error.