L. L. KING, ADMINISTRATOR OF THE ESTATE OF JOE KING, DECEASED, v.
MANETTA MILLS COMPANY AND JOHN M. CARROLL.

(Filed 20 May, 1936.)

**Electricity A d—Evidence held to disclose contributory negligence in grasping wire thrown over uninsulated transmission wire.**

Plaintiff's evidence disclosed that, while he and his intestate were attempting to erect a radio aerial, intestate caught hold of a wire which plaintiff had thrown across defendant's transmission wire, resulting in the death of intestate by electrocution, that the insulation on defendant's transmission wire, which was fifteen to eighteen feet above the ground, had become worn, that the insulation could be seen hanging from the wire, leaving the uninsulated wire plainly visible, and that intestate was an intelligent man and had lived in the vicinity a number of years. *Held:* The evidence discloses contributory negligence barring recovery as a matter of law.

APPEAL by plaintiff from *McElroy, J.,* at October Term, 1935, of UNION. Affirmed.

Action for wrongful death, alleged to have been caused by the negligence of the defendants in failing to properly safeguard electric power wires maintained by them along a road or street in the village where defendants' employees resided.

Plaintiff alleged and offered evidence tending to show that defendants owned and used lines of wires for the transmission of electric power for the operation of the mill machinery and for the lighting of the houses of their employees; that there were wires strung on poles along the road or street of the mill village where plaintiff and his intestate lived; that the

insulation on the power wires had worn off; that in places the insulating material hung down, exposing the bare power wire to view; that on the occasion alleged plaintiff and his intestate (brothers) were attempting to string a wire to be used as a radio aerial from an elevated water tank to the house where plaintiff and his intestate lived; that after attaching one end of the aerial to the tank fifty feet high, they carried the radio wire to the road or street, and plaintiff threw the coiled wire over and across the electric power line, and that when the intestate picked up the loose end of the aerial in his yard he received an electric shock from which he died. It was also in evidence that plaintiff's intestate was an intelligent man, twenty-nine years of age, and had resided there and worked in the mill some five or six years.

Defendants denied all allegations of negligence and pleaded the contributory negligence of plaintiff's intestate as a bar to plaintiff's recovery.

At the conclusion of plaintiff's evidence, motion for judgment of nonsuit was allowed, and plaintiff appealed.

*A. A. Tarlton and A. M. Stack for plaintiff.*
*Sikes & Richardson and Vann & Milliken for defendants.*

PER CURIAM. The duty devolving upon those who undertake to operate and maintain electric power lines is succinctly stated in *Helms v. Power Co.,* 192 N. C., 784, and cases cited, and in *Mitchell v. Electric Co.,* 129 N. C., 166, and *Ellis v. Power Co.,* 193 N. C., 357.

Whether the failure to maintain the proper insulation of electric power wires fifteen to eighteen feet from the ground would constitute actionable negligence and impose liability in damages to one who placed another wire across the power wire and was injured, and whether such result was foreseeable in the exercise of due care under the circumstances (*Hudson v. R. R.,* 176 N. C., 488), need not be here decided, as it is apparent that the condition of the insulation on the power wire and the use of the wire for the transmission of electric power were well known to plaintiff's intestate, who had lived and worked there five or six years and was an intelligent man. Under these circumstances, to attempt to pull a radio wire across and upon a live electric power wire, from which, at places, it was plainly observable that the insulation had worn or fallen, leaving the bare wire visible, would sufficiently indicate failure on the part of the plaintiff's intestate to exercise ordinary care and precaution for his own safety.

Upon this view of the case, we think the judgment of nonsuit was properly entered.

Affirmed.