JOHN L. MORRISON v. CANNON MILLS COMPANY.

(Filed 22 September, 1943.)

**Negligence §§ 5, 19a—**

> In an action to recover damages against defendant by plaintiff, who was an employee of a transportation company engaged in delivering caustic soda, a dangerous substance, by truck to defendant's mills, where plaintiff alleged negligence by defendant for failure to furnish him (a) a proper place to work, (b) suitable appliances, (c) and sufficient help, and plaintiff's evidence tended to show that he was unloading caustic soda from the tank on the truck to defendant's tank and the help furnished by defendant quit at his quitting time and defendant, knowing the absence of help and of proper appliances for safety, was injured while attempting alone to disconnect the hose from the truck to the tank. *Held:* (1) Defendant owed no duty to plaintiff to furnish a safe place, suitable appliances, and sufficient help; and (2) plaintiff on his own evidence, was guilty of contributory negligence; and (3) judgment of nonsuit was proper. C. S., 567.

APPEAL by plaintiff from *Nettles, J.,* at June Term, 1943, of BUNCOMBE.

This is an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, wherein the contributory negligence of the plaintiff is pleaded in bar of his recovery.

The allegations of the complaint are to the effect that the plaintiff was an employee of and the driver of a truck of the Southern Oil Transportation Company, which is not a party to this action, and on

11 October, 1942, drove a truck of his employer loaded with caustic soda, a dangerous substance, from the plant of the Champion Fibre Company, at Canton, North Carolina, to the plant of the defendant, the Cannon Mills Company, near Concord, North Carolina, and that after unloading the said caustic soda into the receiving tank of the defendant company from the tank of the truck of the transportation company the plaintiff undertook to disconnect the hose of the truck from the pipe of the receiving tank and was injured by caustic soda being blown back upon his body, more especially in his eyes.

In the plaintiff's brief he states that "The plaintiff contended that the proximate cause of his injuries was the negligent failure of the defendant to furnish him (a) a suitable and proper place in which to work, (b) suitable and proper appliances and equipment with which to work, and (c) sufficient help and assistance to assure the proper and safe performance of the work required to be done by him."

The answer of the defendant contains, *inter alia,* the allegation that the plaintiff was contributorily negligent in that· he "negligently and carelessly undertook to perform said disconnecting operation by himself" and that all of the injury which the plaintiff suffered "was proximately caused or contributed to by the negligent way and manner in which the plaintiff, of his own motion and by himself, undertook to make the disconnecting operation, with full knowledge of the way and manner in which it could be safely done, obtained from past experience in performing the identical operation."

When the plaintiff had introduced his evidence and rested his case the defendant moved to dismiss the action and for a judgment as in case of nonsuit (C. S., 567), which motion was allowed, and from judgment predicated upon this ruling the plaintiff appealed, assigning error.

*Guy Weaver for plaintiff, appellant.*
*Smathers & Meekins for defendant, appellee.*

SCHENCK, J. It should be noted in the outset that there was no relationship of master and servant or of employer and employee existing between the defendant, the Cannon Mills Company, and the plaintiff, John L. Morrison, and that there was no contractual relation existing between the plaintiff, or his employer, and the defendant. The plaintiff was an employee of the Southern Oil Transportation Company and was engaged in driving a truck of his employer in hauling caustic soda from Canton, North Carolina, to Concord, North Carolina. In fact, it appears from plaintiff's testimony that he has received an award from the transportation company under the Workmen's Compensation Act

based upon the injury alleged in this action. Therefore, it would appear that the defendant, the Cannon Mills Company, .owed no duty to the plaintiff to furnish him either a safe place in which to work, proper appliances and equipment with which to work, or sufficient help and assistance to assure safe performance of the work.

However, entertaining the view, as we do, that the plaintiff's own evidence establishes his contributory negligence, it may be conceded, though it is not decided, that the defendant was negligent in that its employee furnished to assist in unloading the caustic soda from the tank on the truck to the receiving tank at the plant of the defendant quit the work before the unloading was completed, thereby leaving the plaintiff alone to disconnect the connecting hose and pipe of the truck and receiving tank, and in failing to provide water near-by to be used to wash off the caustic soda in the event it came in contact with the body of those engaged in the unloading, which two acts of negligence are most strongly urged in plaintiff's brief.

The plaintiff's own testimony was to the effect that the employee of the defendant informed him (the plaintiff) that he was quitting the work as quitting time had arrived and he would receive·no pay for overtime, and further that the plaintiff knew that there was no water immediately available at the place where the caustic soda was being unloaded, and notwithstanding this information and knowledge of the assistant quitting the work and of the absence of water near-by, the plaintiff alone attempted to disconnect the hose of the tank of the truck from the pipe of the receiving tank and in so doing caustic soda was blown out of the hose and pipe on to him, which could not be immediately washed off, and he was thereby injured. If it was negligence on the part of the Cannon Mills Company to fail to furnish an assistant to help in the unloading of the caustic soda, a dangerous undertaking, or if it was negligence on the part of the Cannon Mills Company to fail to have water near-by the place of unloading, and these two derelictions were both known to the plaintiff, and, notwithstanding this knowledge, he undertook alone the task of unloading, his action in so doing manifested a failure to use due care for his own protection in the performance of hazardous work, the danger of which was known to him, and constituted negligence that contributed to the.plaintiff's injury, and such being the case, under the decisions of this Court, the action was properly dismissed and the judgment as in case of nonsuit was properly entered.

The judgment of the Superior Court is
Affirmed.