DELMA C. GRAY, ADMINISTRATOR OF THE ESTATE OF EVELYN GRAY SNUGGS, DECEASED, v. THE CAROLINA AND NORTHWESTERN RAILWAY COMPANY.

(Filed 9 November, 1955.)

1. **Railroads § 4—**

   Though a traveler and the railroad have equal rights to cross at a grade crossing, the traveler must yield the right of way to the railway company in the ordinary course of its business.

2. **Same: Pleadings § 31—**

In an action against a railroad company to recover for the wrongful death of a passenger in an automobile fatally injured in a railroad crossing accident, allegations in the complaint to the effect that before entering the crossing, defendant was under duty to stop its train to ascertain whether the running of the train across the highway would endanger the life of any person thereon, are properly stricken on motion.

3. **Death § 6: Pleadings § 31—**

In this action for wrongful death, allegations in respect to damages *held* properly stricken in the light of the established rule for the admeasurement of damages in such cases. G.S. 28-174.

APPEAL by plaintiff from *Gwyn, J.,* at 16 May, 1955 Civil Term, of STANLY.

Civil action to recover damages for alleged wrongful death of intestate of plaintiff (G.S. 28-173) from injuries sustained in a collision between an automobile in which she was riding as a passenger along a public highway between Badin and New London, and a train operated by defendant on its railroad track where it crosses the highway about five miles from Badin.

The case was heard upon motion of defendant to strike certain allegations from the amended complaint on the grounds that same are conclusions of the pleader, and are redundant, irrelevant, immaterial, argumentative and evidentiary. The court allowed the motion in the respect indicated. Plaintiff excepted to the order entered in accordance therewith and appeals to Supreme Court, and assigns error.

*Henry C. Doby, Jr., and Edward Jerome for Plaintiff, Appellant.*

*W. T. Joyner, Wiley F. Mitchell, Jr., and R. L. Smith & Sons for Defendant, Appellee.*

PER CURIAM. First: The gravamen of certain of the allegations ordered stricken is that before entering the crossing defendant was under duty to stop its train to ascertain whether running the train across the highway "then and there, would endanger the life of any person thereon," and that failure of defendant to do so was negligence. In the light of the settled principle of law long prevailing in this State that where a railroad track crosses a public highway, though a traveler and the railroad have equal rights to cross, the traveler must yield the right of way to the railroad company in the ordinary course of its business, *Johnson v. R. R.,* 163 N.C. 431, 79 S.E. 690, the rulings of the court in striking the allegations so specified were proper.

And, second, in the light of the established rule for the admeasurement of damages in cases of wrongful death, G.S. 28-174, the portions of the allegations in respect thereto were properly stricken.

Hence the judgment from which appeal is taken is

Affirmed.