JOHN TEEMAN DENNIS v. THE CITY OF ALBEMARLE, RAY SNUGGS, AND D. A. HOLBROOK, CONTRACTOR.

(Filed 14 December, 1955.)

**1. Appeal and Error § 51b—**

Only the decisions of our Supreme Court, as applied to the facts of specific cases, are to be regarded as authoritative in this jurisdiction.

**2. Negligence § 11—**

Whether inattention to a known danger, when caused by the momentary and involuntary diversion of plaintiff's attention, constitutes contributory negligence as a matter of law, is to be determined upon the circumstances of each particular case.

**3. Negligence § 19c—**

While diverting circumstances, in general or standing alone, will not ordinarily preclude nonsuit for plaintiff's failure to see and avoid a known danger, when, under all of the circumstances and conditions, diverse inferences may be drawn as to whether a reasonably prudent man, under similar circumstances, would have been advertent to the danger in time to have avoided the injury, the issue of contributory negligence is for the jury.

*Presley v. Allen & Co.*, 234 N.C. 181, and other cases, decided under the general rule, distinguished.

**4. Same—**

Nonsuit on the ground of contributory negligence is proper when, and only when, the undisputed evidence, taken in the light most favorable to plaintiff, establishes plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom.

ON rehearing.

The essential facts are stated in the original opinion, 242 N.C. 263, 87 S.E. 2d 561.

*C. M. Llewellyn, M. B. Sherrin, and Ann Llewellyn Green for plaintiff, appellee.*

*R. L. Smith & Son and Henry C. Doby, Jr., for defendant City of Albemarle, appellant.*

BOBBITT, J.   In the original opinion, it is stated:

"Upon the evidence here presented, the inference is permissible that plaintiff responded involuntarily when accosted by one calling from the steeple of the church.   It can hardly be said that, when plaintiff's attention was momentarily diverted by this rather unusual greeting, the only permissible inference is that he failed to act as an ordinarily prudent person would have acted under the circumstances then existing.

"Difficulty in observing the wire, on account of its size, color and location; inability to gauge the height of the wire on this and prior occasions and lack of knowledge of its height; and the momentary and involuntary diversion of attention when accosted from the church steeple; these circumstances, when considered together, are such that more than one reasonable inference may be drawn therefrom.   Hence, the court properly submitted the issue of contributory negligence under appropriate instructions of law as related to the evidence."

Defendant, in petition to rehear, insists that the fact that the momentary diversion of his attention was an involuntary response to the workman's call to him from the church steeple is irrelevant as a circumstance in his favor in determining what an ordinarily prudent person would have done under the same or similar circumstances; and that the original opinion is predicated upon general principles of law in conflict with our decisions.

The original opinion was not intended to overrule by implication the authority of earlier decisions of this Court.   Nor do we think such intention can be reasonably inferred.   Even so, since defendant apprehends that such was its effect, the petition to rehear was allowed solely

for the purpose of considering those North Carolina decisions cited by defendant as in conflict with our decision in this case.

In the outset, it should be noted that this Court did not predicate its decision on a single circumstance. As quoted above, decision was predicated on all circumstances taken together.

Moreover, the quotation from 65 C.J.S., Negligence sec. 120, patently a general statement, fully recognizes that "Regard must be had to the exigencies of the situation, and the circumstances of the particular occasion." Only the decisions of this Court, as applied to the facts of specific cases, are to be regarded as authoritative in this jurisdiction. Thus, the authority of the decision in this case is simply that under the facts here disclosed, the momentary and involuntary diversion of plaintiff's attention was properly considered by the jury, in conjunction with all other circumstances, in resolving the issue of plaintiff's alleged contributory negligence. It was not held, as defendant suggests, that diverting circumstances in general or standing alone are sufficient to negative contributory negligence. The nature of such diverting circumstances must be considered in relation to the entire circumstances of each particular case.

Judgment of involuntary nonsuit on the ground of contributory negligence should be granted when, and only when, the undisputed evidence, taken in the light most favorable to plaintiff, establishes plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. This rule, repeatedly restated, is clear. Its application, at times, is difficult. Complete reconciliation of all the decided cases would tax the ingenuity of the most discriminating analyst.

Defendant cites *Cook v. Winston-Salem,* 241 N.C. 422, 85 S.E. 2d 696; *Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589; *Welling v. Charlotte,* 241 N.C. 312, 85 S.E. 2d 379; *Waldrup v. Carver,* 240 N.C. 649, 83 S.E. 2d 663; *Price v. Monroe,* 234 N.C. 666, 68 S.E. 2d 283; *Gordon v. Sprott,* 231 N.C. 472, 57 S.E. 2d 785; *Deaton v. Elon College,* 226 N.C. 433, 38 S.E. 2d 561; *Benton v. Building Co.,* 223 N.C. 809, 28 S.E. 2d 491; *Morrison v. Cannon Mills Co.,* 223 N.C. 387, 26 S.E. 2d 857; *Houston v. Monroe,* 213 N.C. 788, 197 S.E. 571; *King v. Mills Co.,* 210 N.C. 204, 185 S.E. 647; *Scott v. Telegraph Co.,* 198 N.C. 795, 153 S.E. 413. Under the factual situations presented in each of these cases, wholly different from that here presented, this Court held that the undisputed evidence established contributory negligence as a matter of law. *Alford v. Washington,* 238 N.C. 694, 78 S.E. 2d 915, also cited, seems wholly irrelevant. Defendant cites another group of cases, to wit: *Dowdy v. R. R.,* 237 N.C. 519, 75 S.E. 2d 639; *Ingram v. Smoky Mountain Stages,* 225 N.C. 444, 35 S.E. 2d 337; *Sherlin v. R. R.,* 214

N.C. 222, 198 S.E. 640; *Redmon v. R. R.,* 195 N.C. 764, 143 S.E. 829. In each of these, this Court held that the undisputed evidence established contributory negligence as a matter of law; and further, in relation to the main question involved, that the evidence was insufficient to warrant submission of the issue of last clear chance. We have been unable to discover in any of these cases, nor has our attention been directed to, any feature relating to whether momentary and involuntary diversion of plaintiff's attention, on account of being personally accosted by a third party or otherwise, was of significance as a circumstance for consideration on the issue of contributory negligence.

We shall undertake to analyze briefly those cases *discussed* in defendant's petition to rehear and in brief on rehearing, to wit: *Presley v. Allen & Co.,* 234 N.C. 181, 66 S.E. 2d 789; *Lee v. R. R.,* 180 N.C. 413, 105 S.E. 15; *Rimmer v. R. R.,* 208 N.C. 198, 179 S.E. 753; *Pope v. R. R.,* 195 N.C. 67, 141 S.E. 350; *Eller v. R. R.,* 200 N.C. 527, 157 S.E. 800.

In *Presley v. Allen & Co., supra,* plaintiff was driving west on Main Street in Canton. The street was 40 to 50 feet wide. Some four feet north of the south curb, defendant construction company had dug a ditch for the purpose of laying underground telephone cables. Dirt and clay formed an embankment 18 to 24 inches high on the north side of the ditch. The portion of Main Street north of this ditch, some 30 to 35 feet in width, was left open for traffic. It had been raining all that day until shortly before plaintiff's mishap. Clay was scattered over the portion of the street then used for travel. The street was wet and slippery. Plaintiff had driven over this portion of Main Street earlier that day. He was fully aware of all existing conditions. In driving west on this occasion, plaintiff's car skidded; and the left front wheel went into the ditch.

The decision establishes that there was no evidence of actionable negligence on the part of defendant; but this Court said that, if negligence were conceded, plaintiff's contributory negligence would bar recovery because it was clear from the record "that the traveled portion of the street, parallel to and on the north side of the ditch, was amply wide for him, in the exercise of due care, to have remained out of slipping distance of the ditch."

The evidence disclosed that plaintiff stopped at a red light signal at the intersection of Main Street and Adams Street. A policeman, stationed at the intersection, motioned to plaintiff to proceed. Evidently, defendant regards this as an analogous diverting circumstance. The mishap occurred west of the intersection. The policeman's motion to plaintiff was treated as nothing more than a signal to plaintiff that he was granted leave to traverse the intersection.

The remaining four cases discussed by defendant are railroad crossing cases. In each, this Court held that the undisputed evidence established contributory negligence as a matter of law.

At a railroad crossing, where the view of the track is unobstructed, a pedestrian or motorist who goes upon the track, without first looking to ascertain that he can do so in safety, and is struck by a train, is barred by his contributory negligence from recovery against the railroad company. *Davidson v. R. R.*, 171 N.C. 634, 88 S.E. 759. This is the basis of decision in each of the railroad crossing cases cited in the preceding paragraph and in many others.

In *Lee v. R. R., supra,* plaintiff was struck by a train when attempting to walk across the track. He testified: "I could not see it for the smoke." The smoke was from another train that had just passed.

In *Rimmer v. R. R., supra,* the statement of facts includes the following: "It was misty or drizzling rain. Plaintiff's intestate, on foot, approached the crossing from the west. She had on a cloak, the top part of it being held over her head as a protection from the rain. 'Without being properly attentive to her safety, due to and on account of her attention being centered and directed to the traffic on and upon the said highway,' as alleged in the complaint, plaintiff's intestate walked or ran upon the tracks, in front of the approaching train, and was killed."

In *Pope v. R. R., supra,* plaintiff, without looking, walked upon the track directly in front of an approaching train.

In *Eller v. R. R., supra,* plaintiff drove his car upon the track directly in front of the approaching train.

These decisions hold: (1) In the *Lee case,* plaintiff's failure to ascertain that he could walk upon the track in safety was not excused because his ability to see was temporarily and totally obscured by the smoke; (2) In the *Rimmer case,* the failure of plaintiff's intestate to look was not excused because she had a cloak over her head to protect her from the rain or because her attention was concentrated on traffic on the highway; (3) In the *Pope case,* nothing appears that could reasonably be considered a diverting circumstance; (4) In the *Eller case,* plaintiff's failure to look was not excused because his attention was concentrated on persons and traffic on and near the crossing.

Implicit in these decisions is the settled rule, recently restated, that "where a railroad track crosses a public highway, though a traveler and the railroad have equal rights to cross, the traveler must yield the right of way to the railroad company in the ordinary course of its business." *Gray v. R. R.,* 243 N.C. 107, 89 S.E. 2d 807.

True, in the *Pope* and *Eller cases* there are general statements to the effect that, if the traveler does not look when his view is unobstructed and the approaching train is in plain view, his failure to look cannot

be excused by diverting circumstances other than such as may have been caused by the railroad company. Unquestionably, in the absence of unusual conditions, this is true. Certainly, this general rule was applicable to the cases cited. We do not now suggest that a person who enters upon a railroad crossing without looking to see what obviously can be seen will be excused simply because his attention is diverted or distracted by traffic or other conditions at such crossing not caused by the railroad company.

The facts of this case are clearly distinguishable from the railroad crossing cases. Here plaintiff was traveling on a public highway. True, he knew that defendant had constructed an overhead wire. It was a small wire. While he knew its general location, he did not know its height. It was not in plain view. Rather, it was difficult to see the portion thereof that crossed the highway. He looked, but did not see it. Whether, in the exercise of due care, he would have seen it if his attention had not been momentarily and involuntarily diverted by the workman's call from the church steeple, is a question on which diverse inferences may be drawn from the evidence. The fact that Greene saw the wire, sliding over the top of the main load of hay, and ducked, just in the nick of time, is a circumstance for consideration, but not conclusive as to whether plaintiff exercised due care to keep a proper lookout.

Under the circumstances the question here is not whether one who fails to look when he is under duty to do so is excused by a diverting circumstance. Rather, it is a question as to whether a person who is keeping a proper lookout is charged with contributory negligence as a matter of law because he is momentarily and involuntarily diverted. Indeed, it does not appear that plaintiff could have seen the wire at any time before he turned back and resumed looking straight ahead.

As stated by the presiding judge, defendant contended, bearing upon the contributory negligence issue, "that he (plaintiff) permitted himself to be diverted, his attention to be diverted, and was talking to someone else, . . ." In our view, the cause, character and duration of such diversion were properly regarded as circumstances for consideration by the jury, relevant upon the issue as to whether plaintiff, under the entire circumstances, exercised due care for his own safety.

On the sole question for which the rehearing was ordered, we do not find the decision in this case to be in conflict with the North Carolina decisions cited by defendant in petition to rehear and in brief on rehearing. Other aspects of the case are not now before us. Nor does the scope of rehearing extend to consideration of cases of other jurisdictions, either those cited in the original opinion or others cited in brief on rehearing. On this point, however, we would say that it was not intended, nor do we think it can reasonably be inferred, that the cases

from other jurisdictions referred to in the original opinion, are to be regarded as authoritative here in respect to the factual situations therein considered.

Accordingly, the petition to rehear is dismissed.

Petition dismissed.