WALTER CURRIN v. ERNEST L. WILLIAMS, RICHARD A. WILLIAMS, A MINOR, AND ERNEST L. WILLIAMS, GUARDIAN AD LITEM FOR RICHARD A. WILLIAMS, A MINOR.

(Filed 19 March, 1958)

1. **Automobiles § 17—**

   A motorist is guilty of negligence as a matter of law if he fails to stop in obedience to a red traffic light as required by municipal ordinance, G.S. 20-169, and such negligence is actionable if it proximately causes the death or injury of another.

2. **Negligence § 19c—**

   Nonsuit on the ground of contributory negligence is proper when and only when the evidence, taken in the light most favorable to plaintiff, establishes plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom.

**3. Automobiles § 17—**

The fact that a motorist enters an intersection facing a green traffic control signal does not relieve him of the duty to maintain a proper lookout, keep his vehicle under reasonable control, and operate it at a speed and in such manner as not to endanger or be likely to endanger others upon the highway, but nevertheless, he may assume and act upon the assumption that motorists facing the red light will observe the rules of the road and stop in obedience to the traffic signal.

**4. Same—**

Whether a motorist entering an intersection faced with a green traffic control signal is guilty of contributory negligence as a matter of law in failing to look for traffic on the intersecting street depends upon whether such failure was a proximate cause of the collision with a car entering the intersection against the red traffic light, and nonsuit for such failure is proper only if he could or should have seen that the other car would not stop in obedience to the red light in time to have avoided the collision.

**5. Automobiles § 42g— Evidence held not to show contributory negligence as a matter of law on part of motorist in failing to see that motorist facing red light would not stop.**

The evidence tended to show that plaintiff entered the intersection while the traffic control signal facing him was green, and that the front of his car struck the right side of defendant's car, which entered the intersection from plaintiff's left while the traffic control signal facing him was red, and that the collision occurred approximately in the center of the intersection. *Held:* Notwithstanding evidence that plaintiff maintained no lookout for traffic along the intersecting street, the evidence does not warrant the sole conclusion that defendant was operating his car in such manner as to put plaintiff on notice that defendant would not stop in obedience to the signal in time for plaintiff to have avoided the collision had plaintiff looked, and therefore the evidence does not disclose contributory negligence as a matter of law, but the issue was properly submitted to the jury.

APPEAL by defendant (Richard A. Williams) from *Burgwyn, E. J.*, December Term, 1957, of NASH.

Civil action growing out of a collision that occurred Sunday, December 9, 1956, between 9:45 and 10:00 a.m., within the intersection of Grace Street and Western Avenue, Rocky Mount, N. C., between a Chevrolet car, owned and operated by plaintiff, and a Studebaker car, operated by Richard A. Williams, now sole defendant herein.

Plaintiff alleged that Richard A. Williams was operating the Studebaker as agent for Ernest L. Williams, originally a defendant herein; but the issue raised by defendants' denial of this allegation was answered against plaintiff.

Plaintiff's action was instituted April 29, 1957. Richard A. Williams was then twenty years of age. Originally, he was represented herein by guardian *ad litem*. He became twenty-one on November 14, 1957, and thereupon assumed the defense of the action.

The jury found that plaintiff's injuries and damage were caused by the negligence of defendant; that plaintiff was not contributorily negligent; and that plaintiff was entitled to recover $10,000.00 for personal injuries and $499.00 for damages to his car.

From judgment, in accordance with the verdict, defendant excepted and appealed, assigning errors.

*Valentine & Valentine for plaintiff, appellee.*
*Dupree & Weaver, David R. Cockman and Walter Lee Horton, Jr., for defendant, appellant.*

BOBBITT, J.   No question is raised as to the sufficiency of the evidence to support the finding that defendant was guilty of actionable negligence; but defendant stresses his contention that the evidence, considered in the light most favorable to plaintiff, established that plaintiff, as a matter of law, was guilty of contributory negligence. On this ground, he insists that the court erred in denying his motion for judgment of involuntary nonsuit.

Plaintiff was driving south on Grace Street. Defendant, accompanied by his wife, was driving west on Western Avenue. Thus, defendant approached the intersection from plaintiff's left.

On May 10, 1956, the City of Rocky Mount, as authorized by GS 20-169, adopted an ordinance providing for the regulation of traffic at this intersection by automatic traffic control signals. The automatic traffic control signal device was installed and in operation prior to and at the time of the collision.

Section 2 of the ordinance, in pertinent part, provided: "(c) When a green signal light is shown traffic shall proceed on that street; when the amber signal light appears all vehicles which have not yet reached the street intersection shall stop at the intersecting street as marked by the police department. Vehicles which have crossed the street line at the time the amber light appears shall proceed across the intersection. When a red or amber light is shown no vehicle shall cross the street line as marked in the street by the police Department. (d) When the green light is shown vehicles shall immediately proceed across the street in the direction indicated by said light."

The ordinance provided that "it shall be unlawful for any person to disobey such a signal."

"Since the ordinance is designed to guard the safety of persons using the public streets of the municipality, a motorist is negligent as a matter of law if he fails to stop in obedience to a red traffic light as required by the ordinance, and his negligence in that particular is actionable if it proximately causes the death or injury of another." *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25; *Troxler v. Motor Lines,* 240 N.C. 420, 82 S.E. 2d 342.

There was no evidence (1) as to where, if at all, the police had marked the line(s) at which vehicles should stop, and (2) no evidence that either motorist was confronted by an amber light.

There was plenary evidence to the effect that, as plaintiff approached and entered the intersection, the signal light was green for traffic on Grace Street and red for traffic on Western Avenue. Indeed, defendant frankly testified that he started into the intersection when the signal light facing him was red.

Other features of the factual situation are as follows:

The collision occurred on a fair, sunshiny morning, in a residential district. The intersecting streets, each paved and thirty feet wide, were straight, level and dry. There was nothing on the northeast corner to obstruct plaintiff's view of westbound traffic on Western Avenue or to obstruct defendant's view of southbound traffic on Grace Street. Both drivers, on account of past use thereof, were familiar with the intersection.

The cars collided approximately in the center of the intersection. As plaintiff expressed it, "it was pretty much in the main cross where I was struck at." Defendant crossed directly in front of plaintiff. The impact was between the front of plaintiff's car and the right side of defendant's car. After the impact, both drivers lost control. Plaintiff's car went 76 feet, stopping in the yard of the house located on the southwest corner. Defendant's car went a total distance of 176 feet, first striking the south curb of Western Avenue, west of the intersection, and thereafter coming to rest on the north side of Western Avenue.

The only evidence as to the speed of the cars was as follows: Plaintiff testified that he "was not going very fast—not over 15 or 20." Defendant testified that, as he approached and entered the intersection, he "was going about 20 miles per hour, maybe a little more."

Plaintiff testified: "I was going south on Grace Street under a green light and I observed the broadness of a street ahead view and I saw nobody coming anywhere . . ." Also: "I was looking ahead of me as I entered that intersection. My range of vision extended the breadth of the street and there was no one in my range of vision at that time." Also: "I had not seen this other car at all until I was hit."

Defendant testified: "I did not see Mr. Currin's car before this collision."

These excerpts from plaintiff's testimony, elicited on cross-examination, are emphasized by defendant: "At the speed I was going I could have stopped my car in ten feet. If I had seen the man coming I could have. I did not see him coming. I was looking down the road, but my cross-view would have given me some distance." Also: "Q You did not look to your left nor your right? A No. I didn't look sideways. I was looking forward."

Judgment of involuntary nonsuit on the ground of contributory negligence should be granted when, and only when, the undisputed evidence, taken in the light most favorable to plaintiff, establishes plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. *Wright v. Pegram,* 244 N.C. 45, 92 S.E. 2d 416; *Dennis v. Albemarle,* 243 N.C. 221, 90 S.E. 2d 532.

In *Wright v. Pegram, supra,* Higgins, J., states the rule as established by prior decisions as follows: ". . . a motorist facing a green light as he approaches and enters an intersection is under the continuing obligation to maintain a proper lookout, to keep his vehicle under reasonable control, and to operate it at such speed and in such manner as not to endanger or be likely to endanger others upon the highway. (Citation) Nevertheless, in the absence of anything which gives or should give him notice to the contrary, a motorist has the right to assume and to act on the assumption that another motorist will observe the rules of the road and stop in obedience to a traffic signal." *Cox v. Freight Lines, supra; Hyder v. Battery Company, Inc.,* 242 N.C. 553, 89 S.E. 2d 124; *Troxler v. Motor Lines, supra.*

But the mere fact that plaintiff failed to look to observe traffic conditions on Western Avenue east of the intersection is insufficient to establish that plaintiff was contributorily negligent as a matter of law. Whether such failure to look was a proximate cause of the collision depended upon whether, if he had looked, what he would or should have seen was sufficient to put him on notice, at a time when plaintiff could by the exercise of due care have avoided the collision, that defendant would not stop in obedience to the red light. Defendant was chargeable with notice of what he would have seen had he exercised due care to keep a proper lookout. *Marshburn v. Patterson,* 241 N.C. 441, 85 S.E. 2d 683; *Smith v. Buie,* 243 N.C. 209, 90 S.E. 2d 514.

In *Hyder v. Battery Company, Inc., supra,* this Court decided that, notwithstanding plaintiff had the green light when he entered the intersection, the evidence that defendant's truck was approaching along the intersecting street at 40 to 50 miles per hour was sufficient *to warrant the submission* of the issue of contributory negligence. In *Wright v. Pegram, supra,* this Court decided that, where plaintiff had the green light when he entered the intersection but defendant was approaching along the intersecting street at 35 to 40 miles per hour, the evidence did not establish contributory negligence as a matter of law. In *Troxler v. Motor Lines, supra,* where plaintiff alleged that defendant Lefler entered the intersection on the green light, the demurrer of this defendant was sustained because the complaint alleged no facts sufficient to put this defendant on notice that her codefendant would not obey the red traffic control signal facing him on the intersecting street. In *Cox v. Freight Lines, supra,* the decision was that

CURRIN v. WILLIAMS.

the issue of contributory negligence was for submission to the jury in accordance with appropriate instructions as indicated therein. The factual situation in *Ward v. Bowles*, 228 N.C. 273, 45 S.E. 2d 354, is readily distinguishable.

While *Marshburn v. Patterson, supra,* involved a failure of defendant to stop in obedience to a stop sign rather than a red traffic control signal, the reasoning underlying decision impels a like result in the present case. In *Marshburn v. Patterson, supra,* the evidence was conflicting. There was evidence that the driver on the servient street "was going unusually fast . . . was going too fast to stop . . . The speed was from 50 to 60 m.p.h." On the other hand, there was evidence that the car on the servient street was traveling at a speed of only 25 to 30 miles per hour. The operator of the Marshburn vehicle, which was proceeding on the dominant street, testified that, as he approached the intersection, he did not look either to the right or to the left. This Court held that the evidence to the effect that the speed of the car traveling on the servient street was only 25 to 30 miles per hour raised for jury determination (1) whether the driver on the dominant street was put on notice that the driver on the servient street would not obey the stop sign and yield the right of way; and if so, (2) whether the driver on the dominant street was then a sufficient distance away to reduce his speed and avoid the collision.

Under the evidence here presented, we cannot say that the only reasonable inference or conclusion that may be drawn therefrom is that defendant was operating his car in such manner as to put plaintiff on notice, at a time when plaintiff could by the exercise of due care have avoided the collision, that defendant would not stop in obedience to the red light. We conclude that it was proper to submit the issue of contributory negligence to the jury.

Other assignments of error brought forward and discussed in appellant's brief relate to (1) alleged prejudicial questions and comments by the presiding judge, and (2) features of the charge. Each of these assignments has been carefully considered, but none discloses error deemed sufficiently prejudicial to warrant a new trial.

In connection with the charge, the court erred *in defendant's favor* when he instructed the jury, in substance, that the failure of a motorist to stop in obedience to a red traffic light, as required by the ordinance, "is not negligence *per se,* or in itself, but is some evidence thereof which may be considered with other facts in the case in determining whether or not he was negligent." It is noted that the provisions of GS 20-158(a) relate to a failure to stop in obedience to a stop sign. As indicated above, the violation of a valid ordinance requiring a motorist to stop in obedience to a red traffic control signal is negligence *per se.*

No error.