DANNY LEE OLIVER v. ROBERT EUGENE BEASLEY

No. 7411SC600

(Filed 16 October 1974)

Automobiles § 83— pedestrian in marked crosswalk — no contributory negligence as a matter of law

In an action by a pedestrian to recover for personal injuries allegedly caused by defendant's negligent operation of a motor vehicle the trial court erred in granting defendant's motion for judgment n.o.v. based on plaintiff's contributory negligence where the evidence tended to show that plaintiff was in a marked crosswalk at an intersection with the traffic signal in his favor; when he stepped off the curb, he looked to the left and the intersection was clear; he failed to look again until he was struck by defendant who had run a stoplight.

APPEAL by plaintiff from *Peel, Judge,* 4 March 1974 Civil Session of Superior Court held in JOHNSTON County.

This is a civil action in which plaintiff, a pedestrian, seeks damages for personal injuries, medical expenses, and loss of earnings allegedly caused by the defendant's negligent operation of a motor vehicle.

Issues of negligence, contributory negligence, and damages were submitted to and answered by the jury in favor of plaintiff. The issue as to damages was answered in the amount of $5,000. After the verdict was returned by the jury, defendant moved for judgment n.o.v. on the ground that the evidence failed to establish actionable negligence on the part of defendant and established contributory negligence on the part of plaintiff as a matter of law. The motion was allowed on the ground of plaintiff's contributory negligence and from judgment dismissing the action, plaintiff appealed.

*Mast, Tew & Nall, P.A., by Joseph T. Nall, for the plaintiff appellant.*

*Robert A. Spence, P.A., by Robert A. Spence, for the defendant appellee.*

BRITT, Judge.

The only question presented for review is whether plaintiff's evidence established his contributory negligence as a matter of law. We hold that it did not.

Plaintiff's evidence tended to show: Market Street, which is also a part of U.S. 70, in Smithfield, N. C., runs in an east-west direction, and is bisected by Third Street which runs in a north-south direction. On 19 December 1970, Market Street had four lanes for vehicular traffic, each lane being 10 feet wide; two lanes were used for eastbound traffic and two for westbound traffic. On each side of Market Street there were paved sidewalks, 13 feet wide, and between them and the traffic lanes were parking lanes 7 feet wide. Third Street was approximately 49 feet wide with sidewalks approximately 11.5 feet wide on each side. Traffic at the intersection of Market and Third Streets was controlled by electric signals installed pursuant to appropriate ordinance of the Town of Smithfield.

At around 11:30 a.m. on said date, plaintiff and a companion were walking south on the sidewalk on the west side of Third Street. On reaching Market Street, plaintiff looked at the traffic light and saw that it was green for traffic on Third Street and was red for traffic on Market Street; he also saw that "the intersection was clear." The intersection was to plaintiff's left and he looked to his left before attempting to cross Market Street. As plaintiff entered the second lane for westbound traffic on Market Street, defendant's pickup truck, which was proceeding west, struck him. Other traffic on Market Street was stopped at the time of the accident and plaintiff was in the marked crosswalk when he was struck. On cross-examination, plaintiff stated:

" . . . After I checked the lights I proceeded on out into the street. The lights was green for me and red for traffic on 70 or Market Street. The middle of that intersection was clear. I just glanced up at the lights and the lights indicated for me to go and the intersection was clear. I don't know about the traffic to the east. I looked east to see the light, that is all. I did not look east to see if any traffic was coming.

"As I reached the beginning of the second lane of traffic immediately before I was struck, I did not look east to see if any traffic was coming. When I crossed the street I looked straight in front of me across that street. At this particular time I never looked in the direction from which traffic would be coming to see if any traffic was coming at all from the time I walked from the curbing, seven feet across the

parking area and ten feet across the first lane of traffic. I don't remember whether I was walking fast or slow. . . . "

While the facts in *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47 (1969), were somewhat different from those in the case at bar, we think the principle of law applied in that case is applicable here. In *Bowen,* the plaintiff was crossing a street in the nighttime at an intersection where traffic was not controlled by electric signals. She was struck by a motorcycle traveling on the bisecting street. We quote from the opinion (pp. 368-9) :

" . . . Hence, it was error to conclude that she was contributorily negligent as a matter of law for failure to see the motorcycle and to use ordinary care for her own safety.

*If she was crossing in an unmarked crosswalk at an intersection, she was not required to anticipate negligence on the part of others. In the absence of anything which gave or should have given notice to the contrary, she was entitled to assume and to act upon the assumption, even to the last moment, that others would observe and obey the statute which required them to yield the right of way.* . . . Had plaintiff seen the motorcycle approaching, this rule of law would still apply. Whether its speed, proximity, or manner of operation were such that plaintiff, simply by failing to see it, failed to exercise due care for her own safety is a jury question on this record. The evidence shows nothing unusual in the motorcycle's approach which would have put plaintiff on notice that the cyclist did not intend to obey the law and yield the right of way. Thus the circumstances permit opposing inferences, and this carries the case to the jury." (Emphasis added.)

Accord: *Currin v. Williams,* 248 N.C. 32, 102 S.E. 2d 455 (1958) ; *Wagoner v. Butcher,* 6 N.C. App. 221, 170 S.E. 2d 151 (1969) ; Blashfield Automobile Law and Practice, sec. 142.51, pp. 97-8 (3d ed. 1965).

In the case at bar, the evidence tended to show that plaintiff was in a marked crosswalk at an intersection with the traffic signal in his favor; when he stepped off the curb, he looked to the left and the intersection was clear; he failed to look again until he was struck by defendant who had run a stoplight. Plaintiff could assume that motorists on Market Street would

observe and obey the traffic signal requiring them to yield the right-of-way.

In our opinion, the evidence presented a question for jury determination and the jury made that determination in favor of plaintiff. The trial court erred in allowing defendant's motion for judgment n.o.v. and the judgment dismissing the action is vacated. This cause is remanded to the superior court for entry of judgment predicated on the verdict returned by the jury.

Judgment vacated and cause remanded.

Judges CAMPBELL and VAUGHN concur.