JOHNNY LEE FINCH v. DAVID McARTHUR MERRITT AND CITY OF DURHAM

No. 7414DC686

(Filed 6 November 1974)

Automobiles § 79— intersection accident — striking police car with blue lights flashing — contributory negligence

   The trial court did not err in concluding that plaintiff was contributorily negligent in failing to keep a proper lookout and failing to keep his vehicle under reasonable control when he struck a police car which entered an intersection through a red light with its blue lights flashing.

PLAINTIFF appeals from Read, Judge, 25 March 1974 Civil Session of DURHAM County, District Court Division.

This is a civil action tried without a jury before Judge Read wherein plaintiff seeks damages resulting from an automobile collision and defendants counterclaim for damages under the same facts. The trial court made the following pertinent findings of fact:

   "1. That at approximately 4:15 a.m. on the morning of Sunday, July 30, 1972, the defendant, David McArthur Merritt, acting within the scope of employment as a police

officer employed by the defendant City of Durham, was proceeding west on Club Boulevard . . . on an emergency and official police business mission (attempting to prevent auto theft) with his flashing blue lights in operation and his siren sounding.

2. That at a distance of approximately 150 feet from the intersection of Club Boulevard with Buchannan Boulevard, the defendant discontinued the use of his siren but continued to utilize his flashing blue light.

3. That as the defendant approached the intersection of Club Boulevard with Buchannan Boulevard the traffic signal facing him was red. That when defendant was a distance of between 50 and 60 feet from the intersection the defendant first saw the plaintiff approaching the intersection. . . . That at this time the plaintiff's vehicle was traveling at approximately 20 miles per hour and was reducing its speed as it approached the intersection.

4. That as the plaintiff approached the intersection . . . he first saw the vehicle operated by the defendant when the defendant's vehicle was approximately 10 to 15 feet from the said intersection. That at this time the defendant was reducing the speed of his vehicle and was traveling at approximately 20 miles per hour. That at this time the plaintiff's vehicle was 3 to 4 car lengths from the intersection.

5. That the flashing lights on defendant's police car were continuously on at said intersection.

6. That the plaintiff's vehicle collided with the defendant's vehicle in the intersection after three-fourths of the defendant's car had passed in front of the plaintiff's car, striking the defendant's in its side at its right rear fender. That both cars were traveling at approximately 20 miles per hour when they entered the intersection and at the time of the collision.

7. The plaintiff saw the defendant moving and slowing down while both of them were approaching the intersection, but saw nothing else until the instant before the collision."

The trial judge concluded that defendant was negligent and that plaintiff was contributorily negligent in failing to maintain

a proper lookout and failing to keep his vehicle under reasonable control. From a judgment declaring that plaintiff recover nothing, plaintiff appealed.

*Pearson, Malone, Johnson, DeJarmon & Spaulding, by C. C. Malone, Jr., for plaintiff appellant.*

*Spears, Spears, Barnes, Baker & Boles, by J. Bruce Hoof, for defendant appellees.*

MARTIN, Judge.

Plaintiff argues the trial court's conclusion that plaintiff was contributorily negligent is not supported by the findings of fact. We disagree. Plaintiff cites *Galloway v. Hartman,* 271 N.C. 372, 156 S.E. 2d 727 (1967) where the Court refers to *Currin v. Williams,* 248 N.C. 32, 102 S.E. 2d 455 (1958). In *Currin v. Williams, supra,* the Court states at page 36:

> "In *Wright v. Pegram, supra,* Higgins, J., states the rule as established by prior decisions as follows: ' . . . a motorist facing a green light as he approaches and enters an intersection is under the continuing obligation to maintain a proper lookout, to keep his vehicle under reasonable control, and to operate it at such speed and in such manner as not to endanger or be likely to endanger others upon the highway. (Citation.) Nevertheless, *in the absence of anything which gives or should give him notice to the contrary,* a motorist has the right to assume and to act on the assumption that another motorist will observe the rules of the road and stop in obedience to a traffic signal.' (Citations.)" (Emphasis added.)

We hold that, in the case at bar, there were sufficient findings of fact upon which the trial court could conclude that plaintiff was contributorily negligent in that he failed to keep a proper lookout and failed to keep his vehicle under reasonable control.

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.