GRACE W. RUSHING, ADMINISTRATRIX OF JOHN W. RUSHING, v. SOUTHERN PUBLIC UTILITIES COMPANY.

(Filed 2 November, 1932.)

**Electricity A a—Evidence in this action against power company held to disclose contributory negligence barring recovery as matter of law.**

In an action against a power company to collect damages for wrongful death alleged to have been caused by its negligently causing an excessive voltage of electricity to be transmitted to the home of the intestate through a defective transformer, resulting in the death of the intestate when he came in contact with a wire in his basement, the evidence tended to show that the intestate had installed an extension wire in his basement without proper insulation or connection, and that he was killed while attempting to cut the live wire with metal pliers, and that he failed to cut off the current going into the house before attempting to cut the wire, together with evidence that under the conditions of dampness in the basement an ordinary voltage for houses could have produced death: *Held*, the defendant's motion as of nonsuit should have been allowed, the evidence when viewed in the light most favorable to the plaintiff disclosing contributory negligence barring recovery as a matter of law.

APPEAL by plaintiff from *Clement, J.*, at June Term, 1932, of FORSYTH. Affirmed.

This is an action for actionable negligence brought by plaintiff against the defendant alleging damage for the death of plaintiff's intestate by electrocution, on 20 August, 1930, when in the basement of his home.

The allegations of the complaint are to the effect that defendant's transformer was defective, and there was no inspection and defendant negligently caused an "excessive voltage" to be transmitted into the home of plaintiff's intestate. That it was the intention of the plaintiff's intestate to disconnect and remove an extension cord in the basement; that he equipped himself with a flashlight and a pair of pliers and also a pocket knife, and after having turned the current off of said switch and wire as aforesaid, he went into the basement for the purpose afore-

said; that the plaintiff's intestate went into the basement of the house, and while disconnecting the aforesaid extension cord, he came in contact with an overcharged wire and received a shock of electricity which caused his death.

The defendant denied negligence and the answer, in part, says: "In taking hold of a live wire under the conditions as aforesaid, and in failing to cut all of the current off the wires in said residence by throwing the general switch, directly and proximately causing his death, and the defendant pleads such negligence on the part of the plaintiff's intestate in bar of the plaintiff's right to recover in this action. . . . That the plaintiff's intestate carelessly, negligently, and unlawfully, ran an old, defective and improper wire under the house in which he was living, extending from an outlet on the rear porch and connecting with a radio in one of the front rooms of the house; that the wire used by him was dangerous, in that it was not intended to be used as electric light wire; that it was negligently and unlawfully installed by being fastened with staples, tacks, or nails, and that no insulating material was used; and that at the time the plaintiff's intestate received the injury causing his death, he was negligently and unlawfully engaged in changing or removing said wire, in violation of the ordinance, referred to in the original answer, and ·in violation of the law of the State; that the plaintiff's intestate, on account of the negligent and unlawful acts aforesaid, contributed to and proximately caused his injury and death."

At the close of plaintiff's evidence, the defendant made motion for judgment as in case of nonsuit. C. S., 567. The motion was allowed. Plaintiff excepted, assigned error and appealed to the Supreme Court.

*John C. Wallace and L. L. Wall for plaintiff.*
*Manly, Hendren & Womble for defendant.*

CLARKSON, J. Taking the evidence in the light most favorable to plaintiff, with every reasonable intendment and inference, we do not think the exception and assignment of error made by her to the judgment as in case of nonsuit, can be sustained. Conceding, but not deciding, that the evidence was to the effect that the defendant was negligent in transmitting into the house "excessive voltage" over 110, the normal voltage, yet the plaintiff's intestate, on the evidence introduced by her, was we think guilty of contributory negligence. *Hendrix v. R. R.,* 198 N. C., 142. The high power line that goes to the transformer has approximately 2300 volts in it, and the transformer cuts it down to be distributed to the line going into residences, which is customarily 110 voltage.

The evidence on the part of plaintiff does not correspond with the allegations in the complaint. The plaintiff administratrix, the wife of deceased, testified, in part: "When I got to my husband in the basement *his back was lying on one wire, the one that was cut in two, and the pliers were in his right hand. His right hand was blistered from burns,* and there was a blister right above his heart on the left side and one on his left arm and shoulder."

Plaintiff's witness, H. J. Maille, an expert, testified in part: *"Under the conditions* described in the basement of this home, blisters or burns would indicate either a high voltage above normal, or a very *heavy anchorage.* (By heavy anchorage is meant the degree of dampness of the basement.) . . . The harm that one would receive from a current of electricity with his feet damp, or by standing on wet ground, depends on the depth of the dampness, the volume of the dampness. The dampness according to its volume amounts to so much resistance, according to the volume of water you have. . . . It is a fact well known and recognized by electricians generally that there are certain conditions under which men will be killed if they come in contact with 110 volts, but it is out of the ordinary for a person to be killed that way."

We think from the evidence *the conditions* mentioned existed in this case. W. H. Holt, witness for plaintiff, testified: "It was damp where he was lying." The plaintiff's intestate while standing on damp ground in the basement, cutting a live wire, uninsulated, with metal pliers and without turning the general switch off, and with his knowledge of the bungling manner or method of the set-up made by himself of this particular live wire, and other causes, we think constituted contributory negligence, and plaintiff cannot recover in this action. This case is not like *McAllister v. Pryor,* 187 N. C., 832, and kindred cases cited by plaintiff. The judgment of the court below is

Affirmed.