CARRIE MERRITT, ADMINISTRATRIX, v. TIDE WATER POWER COMPANY.

(Filed 11 October, 1933.)

**Electricity A a—Power company under no duty to maintain or repair
equipment may not be held liable for damages resulting therefrom.**

In an action to recover for the wrongful death of plaintiff's intestate,
who was burned to death in a fire occurring while intestate was a prisoner
in a municipal stockade which was furnished with electricity by defend-
ant, plaintiff may not recover even though it be conceded that the fire
resulting in intestate's death was caused by a defect in the electrical
equipment where all the evidence tends to show that defendant power
company was under no duty to maintain or inspect the equipment.

APPEAL by plaintiff from *Moore, Special Judge,* at March Term,
1932, of WAYNE.

Civil action to recover damages for death of plaintiff's intestate,
alleged to have been caused by the wrongful act, neglect or default of the
defendant.

In 1929, Duplin County built a stockade which was equipped with
electric lights. The defendant installed the lighting fixtures, wiring and
equipment and furnished the current for the lighting system.

On the night of 6 March, 1931, plaintiff's intestate was burned to
death while incarcerated in said stockade as a prisoner. It is alleged
that the fire originated from a short circuit or some defect in the light-
ing system installed by the defendant.

It is further alleged in the complaint that "the defendant agreed to
install and maintain the said lighting fixtures and equipment and to
exercise supervision over it; that by these means, the defendant was to
sell and to deliver to the county of Duplin, for use at its stockade, at
retail, electrical power and electrical current; and that this contract
was in force and existing on 6 March, 1931."

It is in evidence that the defendant did install the electrical equip-
ment in said stockade and repaired the same from time to time as re-
pairs were needed at the request of official in charge of the stockade,
but that said equipment was not maintained by the defendant in the
sense that it owed the duty of inspection or supervision.

From a judgment of nonsuit entered at the close of plaintiff's evidence,
she appeals.

*J. Faison Thomson, Hugh Brown Campbell, Kenneth C. Royall,
N. W. Outlaw and Rivers D. Johnson for plaintiff.*

*L. J. Poisson, Langston, Allen & Taylor and Stevens, Beasley &
Stevens for defendant.*

STACY, C. J. Conceding, without deciding, the evidence is sufficient to warrant the inference that the fire originated from some defect in the electrical equipment (*Turner v. Power Co.,* 154 N. C., 131, 69 S. E., 767, 32 L. R. A. (N. S.), 848; 9 R. C. L., 1196), nevertheless it also establishes the fact, contrary to the allegations of the complaint, that the defendant was under no duty to inspect or to maintain the lighting equipment in the stockade in a safe condition. *Small v. Utilities Co.,* 200 N. C., 719, 158 S. E., 385; 9 R. C. L., 1204. This differentiates the case from *Collins v. Electric Co.,* 204 N. C., 320, 168 S. E., 500, cited and strongly relied upon by the plaintiff.

The action was properly dismissed as in case of nonsuit.

Affirmed.