J. A. BRADY, ADMINISTRATOR OF THOMAS TURNER, DECEASED, v. STAND-
ARD OIL COMPANY OF NEW JERSEY, AND G. P. PRITCHARD,
TRADING AND DOING BUSINESS AS GARLAND LAKE DAIRY.

(Filed 23 May, 1934.)

1. **Electricity A a—**

The seller of an electric appliance may not be held liable for an in-
jury caused by a short circuit in the appliance in its later use when the
seller is not charged with the duty of inspecting and maintaining the
equipment.

2. **Master and Servant C a—**

Where an employee uses a certain appliance in direct disobedience of
positive instruction by the employer, the employer may not be held liable
for injury to the employee resulting from the use of the appliance.

CIVIL ACTION, before *Moore, Special Judge,* at October Special Term,
1933, of RANDOLPH.

This is an action for wrongful death. The evidence tended to show
that the deceased, Thomas Turner, was employed by the defendant,
Pritchard, trading as Garland Lake Dairy. He was employed to milk
cows, clean up the barn, wash bottles, etc. He was not a general em-
ployee. The defendant, Standard Oil Company, turned over to the
defendant Pritchard a Flit Machine, which is an appliance operated
by electric current, containing a fluid designed to kill flies.

On 27 July, 1932, the deceased was found dead with the Flit Machine
in his hand. There was evidence that there was a short circuit in the
appliance, and while the current was not more than 118 or 119 volts
ordinarily, that plaintiff's clothing was wet and he was standing on a
wet floor.

The undisputed evidence was to the effect that the deceased Turner
had been ordered and instructed not to use this machine. There was
no evidence that the deceased had ever used the machine or appliance
prior to the day of his death.

At the conclusion of the evidence of the plaintiff the trial judge
sustained the motion of nonsuit and the plaintiff appealed.

*I. C. Moser for plaintiff.*
*J. A. Spence and H. M. Robins for Standard Oil Company.*
*Cox & Prevette for G. T. Pritchard.*

PER CURIAM. The evidence disclosed that the defendant, Standard
Oil Company, was not charged with the duty of inspecting and main-
taining the appliance causing the death of plaintiff's intestate. There-
fore, the judgment as to it is supported by *Merritt v. Power Co.,*

205 N. C., 259, and *Bradshaw v. Power Co.,* 205 N. C., 850. The evidence further showed that the deceased at the time of his death was using the appliance in direct disobedience of positive instruction given by the employer. Consequently, the judgment in favor of the defendant Pritchard is sustained by familiar principles heretofore applied in *Burnett v. Roanoke Mills Co.,* 152 N. C., 35, 67 S. E., 30; *Smith v. R. R.,* 147 N. C., 603, 61 S. E., 575.

Affirmed.