J. FRANK STANLEY, ADMINISTRATOR, v. TIDEWATER POWER COMPANY.

(Filed 8 April, 1936.)

**Electricity A a—Defendant held not liable for intestate's death caused by contact with wire which intestate had knocked down in auto accident.**

Evidence that plaintiff's intestate drove his car off the highway, hit defendant's pole, causing an electric transmission wire supported thereby to sag, that intestate left the car where it stopped against a tree, but was killed when he returned and came in contact with the sagging wire which had caught on the car, is insufficient to resist defendant's motion to nonsuit, the evidence failing to establish negligence of defendant and disclosing contributory negligence on the part of plaintiff's intestate.

CARTER *v.* BOST.

APPEAL by plaintiff from *Barnhill, J.,* at November Term, 1935, of LENOIR.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect, or default of the defendant.

On the night of 9 November, 1934, plaintiff's intestate drove his automobile off Highway No. 11, across a drain ditch, struck a pole which supported defendant's electric transmission wire, and came to a stop when his car ran into a tree. The wire sagged down and caught on the car. Plaintiff's intestate and his companions left the automobile in safety and returned to the highway. Later plaintiff's intestate started back to his car when he came in contact with the transmission wire and was killed. It is in evidence that the parties had all been drinking.

From judgment of nonsuit, entered at the close of plaintiff's evidence, he appeals, assigning errors.

*John G. Dawson and Allen & Allen for plaintiff.*
*Poisson & Campbell and Rouse & Rouse for defendant.*

PER CURIAM. The judgment of nonsuit is correct, whether viewed from want of evidence to establish actionable negligence on the part of the defendant, or from the standpoint of contributory negligence on the part of plaintiff's intestate.

Affirmed.