THELMA J. PHILYAW, Administratrix of WOODROW PHILYAW, Deceased, v. THE CITY OF KINSTON, a Municipal Corporation.

(Filed 28 June, 1957.)

**1. Death § 3—**

In an action for wrongful death, plaintiff has the burden of establishing that defendant was guilty of a negligent act or omission, and that such act or omission was the proximate cause of the death of decedent.

**2. Negligence § 9—**

Foreseeability of injury is a requisite of proximate cause.

**3. Electricity § 7—**

The maintenance of high tension wires by a corporation engaged in the distribution of electricity is not wrongful, and its duty to insulate such wires and place warning signs thereof is limited to places where, in the exercise of ordinary prevision, the electric company could foresee that persons might come in contact therewith in the course of their legitimate pursuits of work, business, or pleasure.

**4. Same—Evidence held insufficient to show that defendant could have reasonably foreseen that building would be constructed in proximity to its transmission line.**

The evidence tended to show that a workman was electrocuted in the course of his employment when he stood up after sawing rafters of the roof of the building under construction, and came in contact with high tension wires some four or five feet above the height of the roof. There was no evidence that the municipality maintaining the wires was given notice of the construction of the building in proximity to the wire by either the owner or contractor or other person, except in the application for building permit which gave the location and dimensions of the building but revealed no data in reference to the location and proximity of the city electric lines. *Held:* The evidence fails to disclose facts sufficient to charge defendant city with notice that someone might erect a building under and up to its transmission line, and therefore, the death of intestate was not within the reasonable foresight of defendant, and nonsuit was proper.

Appeal by plaintiff from *Parker, J.,* at September 1956 Civil Term of Lenoir.

Civil action to recover damages for alleged wrongful death of intestate of plaintiff.

The case on appeal shows substantially the following: The allegations of negligence on the part of defendant, and the defendant's denial of the allegations thereof, and defendant's allegations of contributory negligence on the part of plaintiff's intestate are set forth in the pleadings filed.

In substance plaintiff alleges negligence on the part of defendant in the maintenance of an electric line over which high voltage current was being transmitted in close proximity to a building under construction

just outside the corporate limits of said city,—the allegation being to the effect that defendant had notice of the fact that the building was under construction; that its said electric light line was so located as to pass within about four feet of the southeast corner of said building; and that it failed to notify plaintiff's intestate and others employed in the construction of said building of the danger incident to the presence of the said line,—the same being uninsulated and carrying high voltage.

On the other hand, defendant, in substance, denied the material allegations of plaintiff, and affirmatively alleges that plaintiff's intestate knew, or in the exercise of ordinary diligence should have known, of the danger incident to the presence of its electric line, extending over the roof and across the southeast corner of the said building, and pleads, as proximate cause, intervening acts of negligence on part of George DuBose, the contractor.

Upon trial in Superior Court evidence offered by plaintiff as shown in the case on appeal tends to show substantially the following: W. I. Herring let contract to George DuBose, general contractor, to construct on his land, a little less than one mile from the limits of the city of Kinston, a new one-story building, 120 x 124 feet, to connect with the building already there, facing Highway 258. The corners for this building were laid off and staked. As so staked it was ascertained later that an electric line of the city of Kinston carrying two wires was over the southeast corner of the new building. The wires on this line were about 25 feet above the ground level. The edges of the rafters at the southeast corner of the wall of the building were to be about 20 feet high. When the walls were constructed the wires on the line were about 4 or 5 feet above, and about 2 feet over the wall at the southeast corner. The contractor expressly stated that he made no request of the city of Kinston either to remove the line or to cut off the current, and there is no evidence that anyone else did, or that the city of Kinston had any knowledge thereof.

On 10 June, 1954, about 5 o'clock, quitting time, Woodrow Philyaw, plaintiff's intestate, standing on the wall of the building sawing off rafters at or near the southeast corner, raised up and came in contact with one of the wires on this city electric line, and was electrocuted.

Plaintiff offered in evidence the application made by the contractor to the city inspector for a building permit, and a permit, issued to construct such building on Highway 258, to be erected in accordance with the ordinances of the city of Kinston and the general building laws of the State, and to be used for a warehouse. The contractor did not have a set of plans for the building, but did have a plat plan showing the size of the building. Neither the application nor the permit revealed any data in reference to the location and proximity of the city electric lines to the building. There is evidence that the wires on this

particular electric line of the city of Kinston were uninsulated, and that there were no signs posted at or near the premises to indicate the voltage of electric current that was being carried over these wires.

W. I. Herring testified that he had not given any thought, or noticed that the city of Kinston's high-powered voltage transmission line was there until the next morning after Philyaw had his accident. Too, the contractor testified that he did not discover any transmission lines of the city of Kinston in close proximity to the building until the night of the accident; but did discover the next morning the city line that crosses the corners of the building where Philyaw was electrocuted. The foreman in charge of the work for the contractor testified that he first noticed the presence on or near the building of the city's electric line about three minutes after Philyaw was struck,—that he had not before that time seen the wires across the premises. Several of the workmen on the building testified to seeing the wires and being aware of the fact that they were over the building.

One Westbrook testified that he and Philyaw were working as a team, he marking the rafters and Philyaw coming behind with a scale saw and cutting them off. He said that he had noticed the distance of the wires from the roof of the building enough to be cautious on that corner and did not stand up on the rafters "as we normally would."

And there is evidence that Philyaw was about six feet tall; that he was an experienced carpenter; and that in connection with his work it is a fact that he used electric equipment, and had been accustomed to use, and used electric equipment for a period of time.

The general contractor carried Workmen's Compensation insurance and made a report of the accident to the North Carolina Industrial Commission, and compensation has been paid to the injured employee as provided in the Workmen's Compensation law; and it is not denied that a period of more than six months had elapsed subsequent to the death of plaintiff's intestate, and prior to the institution of this action, during which period neither the said George DuBose, as employer of plaintiff's intestate, nor United States Fidelity & Guaranty Company, his insurance carrier, had instituted an action for or on behalf of or jointly with the plaintiff for recovery of damages based upon alleged negligence on the part of the defendant.

At close of plaintiff's evidence, defendant moved for judgment as of nonsuit. The motion was allowed. Plaintiff excepted thereto, and, from judgment in accordance therewith, appeals to the Supreme Court and assigns error.

*Whitaker & Jeffress, Larkins & Brock, and Jones, Reed & Griffin for Plaintiff Appellant.*

*Edmundson & Edmundson and George B. Greene for Defendant Appellee.*

WINBORNE, C. J.   The pivotal question here is whether judgment as of nonsuit was proper upon the evidence offered, taken in the light most favorable to plaintiff. Well settled principles, appropriate to the factual situation, require an affirmative answer.   See *Mintz v. Murphy,* 235 N.C. 304, 69 S.E. 2d 849; *Pugh v. Power Co.,* 237 N.C. 693, 75 S.E. 2d 766; *Davis v. Light Co.,* 238 N.C. 106, 76 S.E. 2d 378; *Alford v. Washington,* 238 N.C. 694, 78 S.E. 2d 915, and cases cited, and many others.

"In action for death by wrongful act based on negligence, the burden rests on the plaintiff to produce evidence sufficient to establish the two essential elements of actionable negligence, namely:   (1) That the defendant was guilty of a negligent act or omission; and (2) that such act or omission was the proximate cause of the death of the decedent." *Davis v. Light Co., supra.*

Too, it is well settled in this jurisdiction that foreseeability of injury is a requisite of proximate cause.   *Davis v. Light Co., supra,* and cases cited.

And if it be conceded that the city of Kinston were negligent in maintaining an electric line of uninsulated wires, as alleged, it is apparent from the evidence that the injury to and death of plaintiff's intestate was independently and proximately produced by the wrongful act, neglect or default of an outside agency or responsible third person. *Smith v. Sink,* 211 N.C. 725, 192 S.E. 108; see also *Alford v. Washington, supra,* and cases cited.

Moreover, we find it stated in 18 Am. Jur. 491-2, subject Electricity, Sec. 97, as quoted in *Mintz v. Murphy, supra,* and *Alford v. Washington, supra,* "That the duty of providing insulation should be limited to those points or places where there is reason to apprehend that persons may come in contact with the wires, is only reasonable.   Therefore the law does not compel companies to insulate . . . their wires everywhere, but only at places where people may legitimately go for work, business, or pleasure, that is, where they may be reasonably expected to go.   The same rule applies with equal, if not greater, force in regard to placing warning signs."   This principle is also recognized by this Court in *Ellis v. Power Co.,* 193 N.C. 357, 137 S.E. 163.

The mere maintenance of high tension transmission line is not wrongful, and in order to hold the owner negligent, where an injury occurs, he must be shown to have omitted some precaution which he should have taken.   Am. Jur. 490, Electricity, Sec. 96.

In the case in hand there would have been no injury to plaintiff's intestate but for the intervening wrongful act, neglect or default of those in control of constructing the building under and in close prox-

imity to the electric line, without notice to the city. And surely the city of Kinston was not charged with duty of foreseeing that such would be done. The evidence does not disclose facts sufficient to charge the defendant with notice that someone might erect a building under and up to its transmission line. In consequence injury to and death of intestate was not within the reasonable foresight of defendant. *Davis v. Light Co., supra,* and cases cited.

Other assignments of error have been considered, and prejudicial error is not found.

Affirmed.