CLEVELAND ALLEN PARTIN v. CAROLINA POWER AND LIGHT
COMPANY

No. 7810SC419

(Filed 17 April 1979)

1. **Electricity § 7.1; Negligence § 29.1— exposed high voltage wires—sufficiency of evidence of negligence**

   In an action to recover for personal injuries sustained as a result of an electrical charge from defendant's high voltage line while plaintiff was on or near the roof decking of his restaurant building then in the process of construction, evidence of defendant's negligence was sufficient to withstand its motion for directed verdict where such evidence tended to show that the high voltage exposed wires were sagging; plaintiff notified defendant first in August 1968 and several times thereafter before the date of injury on 29 March 1969 that he was constructing a building near the line; and defendant had promised when first notified and several times thereafter to move the power line but failed to do so.

2. **Electricity § 9; Negligence § 10.1— son's touching of wire—father's attempted rescue—son's conduct not intervening negligence**

   Where plaintiff's son, who was on the roof decking of plaintiff's restaurant, touched defendant's high voltage wire with a metal rod, and plaintiff was severely burned when he came in contact with the roof decking while going to the aid of his son, the evidence did not disclose as a matter of law that the conduct of the son in touching the line intervened to insulate the negligence of defendant.

3. **Negligence §§ 17, 19; Electricity § 8— electrocution of son—rescue—no agency —no contributory negligence as matter of law**

   Where plaintiff was severely burned when he came into contact with the roof decking of his restaurant while going to the aid of his son who, while working on the roof decking, had touched defendant's high voltage wire with a metal rod, the rescue doctrine was applicable to negate contributory negligence by plaintiff as a matter of law in attempting to rescue his son; moreover, the evidence did not disclose as a matter of law the agency of the son so that his negligence would be imputed to plaintiff, nor did the evidence disclose negligence by the son as a matter of law.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 10 October 1977, and order denying plaintiff's motion to set aside the judgment entered 6 December 1977, in Superior Court, WAKE County. Heard in the Court of Appeals 26 February 1979.

Plaintiff seeks to recover for personal injuries sustained on 29 March 1969, as a result of an electrical charge from defendant's high voltage line while on or near the roof decking of his restaurant building then in the process of construction.

The evidence for plaintiff tended to show that his son, Ben Partin, a college student, came to the building site on this Saturday morning to "help out" by doing odd jobs, as he had done on several occasions before. He went to the roof and began placing metal reinforcing rods in the wall cavity. He picked up a rod about 30 feet long, lifted it over his head, lost his balance, tilted backward, and the rod struck defendant's electric wire carrying 7200 volts. He screamed and fell to the roof decking. Plaintiff, on the ground below, saw his son fall and heard him scream. He climbed up the steel pipe scaffold and came in contact with the metal roof decking which was energized by electricity from defendant's wire down the reinforcing rod. Both of plaintiff's arms were severely burned and had to be amputated six inches below the shoulders.

In August 1968 plaintiff advised defendant of his plan to construct a restaurant on his property, and defendant promised to move the line. Plaintiff immediately began construction. He thereafter requested defendant weekly to move the line and defendant promised but failed to do so. The electric wires were sagging to within a few feet over the roof deck of the building.

At the close of plaintiff's evidence, defendant moved for a directed verdict. In allowing the motion Judge Herring stated that plaintiff's son, Ben Partin, was contributorily negligent as a matter of law and that Ben Partin's negligence was imputed to plaintiff. Plaintiff appealed. Plaintiff withdrew the appeal and moved to set aside the judgment under G.S. 1A-1, Rule 59. The motion was denied. Plaintiff, at the hearing, appealed from the judgment and the order as provided by G.S. 1-279.

*James B. Maxwell; Vann & Vann by Arthur Vann for plaintiff appellant.*

*Manning, Fulton & Skinner by Howard E. Manning and John B. McMillan; and Fred D. Poisson, Attorney for Carolina Power & Light Company, for defendant appellee.*

CLARK, Judge.

The defendant's motion for directed verdict under G.S. 1A-1, Rule 50, raises the question of whether plaintiff's evidence was sufficient to go to the jury. The appeal from the granting of de-

fendant's motion by the trial court presents for determination the issue of whether plaintiff's evidence was sufficient on the issue of defendant's negligence, and, if so, whether plaintiff's evidence established his contributory negligence as a matter of law.

## I. NEGLIGENCE OF DEFENDANT

It has been established as a general principle of law that one who maintains a high voltage electric line at places where people may be reasonably expected to go for work, business or pleasure has the duty to guard against contact by insulating the wires or removing them to a place where human beings will not likely come in contact with them. *Williams v. Carolina Power and Light Co.*, 296 N.C. 400, 250 S.E. 2d 255 (1979); *Philyaw v. Kinston*, 246 N.C. 534, 98 S.E. 2d 791 (1957); *Ellis v. Carolina Power and Light Co.*, 193 N.C. 357, 137 S.E. 163 (1927); *Graham v. Sandhill Power Co.*, 189 N.C. 381, 127 S.E. 429 (1925); *Haynes v. Raleigh Gas Co.*, 114 N.C. 203, 19 S.E. 344 (1894); *Bogle v. Duke Power Co.*, 27 N.C. App. 318, 219 S.E. 2d 308 (1975), *cert. denied* 289 N.C. 296, 222 S.E. 2d 695 (1976); *see Davis v. Carolina Power and Light Co.*, 238 N.C. 106, 76 S.E. 2d 378 (1953); 29 C.J.S. Electricity § 42 (1965).

Where the high voltage line is located in a place of reasonable safety, a place where contact with them by human beings might not ordinarily be anticipated, the electric company is not negligent if there is contact and injury in the absence of adequate notice that such contact is likely. In *Philyaw v. Kinston, supra*, the judgment of nonsuit was affirmed because the evidence was insufficient to charge the defendant with notice that someone might erect a building under and up to its transmission lines. In *Davis v. Carolina Power and Light Co., supra*, judgment of nonsuit was affirmed because defendant had no notice that plaintiff's intestate was moving his house under its line.

[1] In the case *sub judice*, the plaintiff offered evidence that the high voltage, exposed wires were sagging, that plaintiff notified defendant first in August 1968, and several times thereafter before the date of injury on 29 March 1969, that he was constructing a building near the line, and that defendant had promised when first notified and several times thereafter to move the power line but failed to do so. We conclude that there was sufficient evidence of negligence to withstand the directed verdict motion.

[2]   Whether defendant's negligence was a proximate cause of plaintiff's injury poses a more difficult problem. The defendant contends that the intervening conduct of plaintiff's son, Ben Partin, was not foreseeable and this insulated the primary negligence of the defendant.

It is not required that the defendant foresee the precise injury, (*Hart v. Curry*, 238 N.C. 448, 78 S.E. 2d 170 (1953)); the particular consequences it produces, (*Green v. Isenhour Brick & Tile Co.*, 263 N.C. 503, 139 S.E. 2d 538 (1965)); nor the exact manner in which it occurs, (*Taney v. Brown*, 262 N.C. 438, 137 S.E. 2d 827 (1964)). All that is required is that defendant "in, the exercise of the reasonable care of an ordinarily prudent person, should have foreseen that some injury would result from her negligence, or that consequences of a generally injurious nature should have been expected . . . ." *Hamilton v. McCash*, 257 N.C. 611, 618-619, 127 S.E. 2d 214, 219 (1962).

> "Although earlier decisions of the North Carolina Supreme Court indicated that intervening acts had to be gross and palpable to relieve a defendant of liability, it now seems well-settled that foreseeability is the principle applied by the court to determine the extent of defendant's liability in these cases as well as in cases in which no intervening cause is involved. Defendant must take into account matters within the realm of common knowledge and is to be held liable when the intervening cause is a part of the risk he has created."

Byrd, *Proximate Cause in North Carolina Tort Law*, 51 N.C.L. Rev. 951, 966 (1973).

The cases in North Carolina do not support the broad generality that misconduct of others is unforeseeable. *See Rowe v. Murphy*, 250 N.C. 627, 109 S.E. 2d 474 (1959), (unforeseeable that negligent driver will collide with defendant's car negligently parked on the highway); *Alford v. Washington*, 238 N.C. 694, 78 S.E. 2d 915 (1953), (unforeseeable that negligent motorist will collide with pole and cause uninsulated wires to fall). The intervention of wrongful conduct of others may be the very risk that defendant's conduct creates, or even if it arises independently of defendant's action, may be one against which he is under a duty to safeguard. *Benton v. North Carolina Public-Service Corp.*, 165

N.C. 354, 81 S.E. 448 (1914), (twelve-year-old climbed tree in populous residential area and came into contact with defendant's uninsulated electric wires). In *Nance v. Parks*, 266 N.C. 206, 146 S.E. 2d 24 (1965), the defendant drove his vehicle into a garage to get the turn signal repaired. He left the motor running, the gear lever on "drive," and set the brake. The garage mechanic, Buchanan, lay on the floor under the steering column and depressed the accelerator, causing the car to leap forward and strike plaintiff. Sharp, J., (now Chief Justice), for the Court, stated:

> "In this case defendant's primary negligence depends upon whether *he should reasonably have foreseen and expected that Buchanan might depress the accelerator*, thereby causing the car to leap forward with resulting injury to plaintiff or others. If he is negligent, it is because he should have reasonably foreseen this development and guarded against it. And, under the test, *supra*, if it was thus foreseeable it could not afford him insulation. It is entirely possible that defendant and Buchanan might be joint tort-feasors, but it is not possible under the facts of this case that Buchanan's alleged negligence could insulate defendant's conduct."

*Id.* at 211, 146 S.E. 2d at 28-29.

The foreseeability limitation has been extended to hold the wrongdoer liable to a third party who is injured while attempting to aid the person endangered by his negligence. The "rescue doctrine" is stated and explained subsequently in dealing with the contributory negligence issue, but the doctrine is relevant on the proximate cause question because the doctrine has stretched the foreseeability limitation to hold the defendant liable to the plaintiff who is injured while attempting to aid the person endangered by his own negligence, even though the negligent party placed himself in a position of peril. *Britt v. Mangum*, 261 N.C. 250, 134 S.E. 2d 235 (1964); *Norris v. Atlantic Coast Line R.R.*, 152 N.C. 505, 67 S.E. 1017 (1910).

Applying these principles of the law of proximate cause to the case *sub judice*, we find that there was sufficient evidence of proximate cause to withstand the directed verdict motion because it did not establish as a matter of law that the conduct of Ben Partin in contacting defendant's electric line intervened to in-

sulate the negligence of the defendant. Further, if on retrial, the evidence is substantially the same, the jury should be instructed that the negligence of the defendant did not have to be the sole proximate cause; that if the conduct of Ben Partin in contacting the wire with the metal rod, though he was negligent in so doing, was also a proximate cause which concurred with the negligence of defendant to produce the injury to plaintiff, then the negligence of defendant would not be insulated by such conduct on the part of Ben Partin.

On retrial the trial judge for the purpose of clarity may find it desirable to separate the usual actionable negligence first issue into two issues: first, negligence of the defendant, and second, proximate cause.

## II. CONTRIBUTORY NEGLIGENCE OF PLAINTIFF

[3] In determining whether the trial court erred in granting defendant's motion for directed verdict, we must decide whether the evidence established as a matter of law (1) plaintiff's own primary negligence, (2) whether Ben Partin was an agent of plaintiff, and, if so, (3) the negligence of plaintiff's son, Ben Partin.

Relevant to the first two of these questions is the "rescue doctrine" which has been established in North Carolina. *See Britt v. Mangum, supra; Bumgarner v. Southern Ry.*, 247 N.C. 374, 100 S.E. 2d 830 (1957); *Norris v. Atlantic. Coast Line R.R., supra.* Under this doctrine, one who sees a person in imminent peril through the negligence of another cannot be charged with contributory negligence as a matter of law in risking his own life, or serious injury, in attempting to effect a rescue, provided the attempt is not recklessly or rashly made. The doctrine does not apply where the rescuer has himself brought about the danger. *See* Annot., 19 A.L.R. 4 (1922).

### 1. Plaintiff's Primary Negligence

It appears that the rescue doctrine applies in this case, which would negate contributory negligence by plaintiff as a matter of law in attempting to rescue his son, provided that his negligence preceding the rescue attempt did not bring about the danger. Defendant makes the argument that plaintiff was negligent in continuing construction under the exposed electric line, in failing to

warn his son of the danger, and in permitting him to handle lengthy metal rods near the high voltage wires. The evidence of such negligence, however, does not establish contributory negligence as a matter of law by plaintiff and thus does not establish as a matter of law that the rescue doctrine is inapplicable.

We find that the evidence of contributory negligence by plaintiff, either during or preceding the rescue attempt, was not sufficient to constitute contributory negligence as a matter of law and, therefore, not sufficient to support the directed verdict.

### 2. Agency

We now turn to the question of whether the negligence of Ben Partin as agent is imputed to the plaintiff, and for the purpose of this discussion only, we assume negligence by Ben Partin. The rescue doctrine is based on the policy that the law has a high regard for human life and will not impute negligence in an effort to preserve it. *Norris v. Atlantic Coast Line R.R., supra.* By the weight of authority, in case of an injury in attempting to rescue another, the antecedent negligence of the person rescued is not imputable to the rescuer. Annot., 5 A.L.R. 206 (1920). The foregoing annotation cites the *Norris* case, *supra,* in support of this principle of law because the court stated the following: "[N]or should contributory negligence on the part of the imperiled person be allowed, as a rule, to affect the question." *Norris v. Atlantic Coast Line R.R.,* at 513, 67 S.E. at 1021. It noted, however, that in *Norris* the imperiled person was a companion of plaintiff, and the evidence did not disclose any agency relationship. The other cases referred to in the foregoing annotation do not involve a master-servant or other agency relationship between the imperiled person and the rescuer at the time of the rescue attempt.

The rescue doctrine is not extended to protect the master in his rescue attempt from the negligence of his imperiled servant, and the negligence of the servant is imputed to the master. *See* 65A C.J.S. Negligence § 166 (1966).

On the agency question, plaintiff contends that it was for the jury, and defendant contends that the evidence established agency or joint venture as a matter of law. Briefly stated, the evidence on the agency issue tended to show that plaintiff and his

wife owned the property on which the restaurant was being built. Plaintiff kept the books and paid the construction workers. Plaintiff's elder son, Elbert Partin, worked on the project and ordered some of the materials. On 29 March 1969, the day of the injury, Ben Partin was 21 years of age. He was a pharmacy student. On that day, a Saturday, he went to the site to "help out." He had helped several times before, but never a full day and his total time on the job did not exceed eight hours. Plaintiff had not asked him to work. He took Elbert's position on the roof decking when Elbert left to get breakfast. Neither Elbert nor plaintiff told him how to put the support rods in the wall cavity. Plaintiff was at the site but on the ground. Ben was not paid for his work on the day in question or any other time.

Mere relationship or family ties, unaccompanied by any other facts or circumstances, will not justify an inference of agency, but such relationship is entitled to great weight, when considered with other circumstances, as tending to establish agency. *Simmons v. Morton*, 1 N.C. App. 308, 161 S.E. 2d 222 (1968); 2A C.J.S. Agency § 53 (1972). The test is the right of one person, the principal, to control the conduct of another, the agent, or the actual exercise of such control. 8 Strong's N.C. Index 3d Master and Servant § 3; 65A C.J.S. Negligence § 160 (1966). *See Reaves v. Catawba Manufacturing and Electric Power Co.*, 206 N.C. 523, 174 S.E. 413 (1934).

It is proper to submit the question of agency to the jury where there is evidence tending to prove it, even though the evidence is undisputed, and reasonable men may differ in the inferences to be drawn therefrom. The question is for the court to determine as a matter of law if only one conclusion can be drawn from the facts in the case. *Robinson v. McMahan*, 11 N.C. App. 275, 181 S.E. 2d 147, *cert. denied* 279 N.C. 395, 183 S.E. 2d 243 (1971); 3 C.J.S. Agency § 547 (1973). Counsel for plaintiff and counsel for defendant differ in the inferences to be drawn from the evidence. We conclude that counsel are reasonable men and that the evidence was not sufficient to establish agency as a matter of law.

We further find that there was not sufficient evidence of a joint venture between plaintiff and his son, Ben. In a joint venture the parties combine their property, money, skill or knowl-

edge in some undertaking. *See Pike v. Wachovia Bank and Trust Co.*, 274 N.C. 1, 161 S.E. 2d 453 (1968).

### 3. Negligence of Ben Partin

While it is not negligence *per se* to work near a high voltage line, a person working near the line must exercise reasonable care to avoid coming into contact with it. An ordinary person is held to know the danger attending contact with electric wires, and if he heedlessly brings himself in contact with them, he is contributorily negligent. In *Floyd v. Nash*, 268 N.C. 547, 151 S.E. 2d 1 (1966), plaintiff's intestate was delivering feed into a storage tank, which he had been servicing several times a week for six months, and was killed when he raised the blower pipe three feet above the top of the tank and contacted the line, though it was not necessary to raise the blower pipe more than three or four inches above the top of the tank. It was held that the intestate was contributorily negligent as a matter of law. For other cases in which it was held the evidence established contributory negligence as a matter of law, *see Gibbs v. Carolina Power and Light Co.*, 268 N.C. 186, 150 S.E. 2d 207 (1966); *Baker v. Lumberton*, 239 N.C. 401, 79 S.E. 2d 886 (1954); *Deaton v. Board of Trustees of Elon College*, 226 N.C. 433, 38 S.E. 2d 561 (1946); *King v. Manetta Mills Co.*, 210 N.C. 204, 185 S.E. 647 (1936); *Stanley v. Tidewater Power Co.*, 209 N.C. 829, 185 S.E. 5 (1936); *Rushing v. Southern Public Utilities Co.*, 203 N.C. 434, 166 S.E. 300 (1932); *Bogle v. Power Co.*, *supra*; *Lambert v. Duke Power Co.*, 32 N.C. App. 169, 231 S.E. 2d 31, *cert. denied* 292 N.C. 265, 233 S.E. 2d 392 (1977).

Other North Carolina cases have held that the evidence was not sufficient to establish contributory negligence as a matter of law. In *Bowen v. Constructors Equipment Rental Co.*, 283 N.C. 395, 196 S.E. 2d 789 (1973), plaintiff's intestate was electrocuted when a crane cable came in contact with a power line, and the evidence tended to show that deceased had been given only general warnings of the danger of working near power lines, his place of duty was under the power line, and twelve sections of pipe had already been removed from under the lines with no incident suggestive of danger. In *Lewis v. Barnhill*, 267 N.C. 457, 148 S.E. 2d 536 (1966), plaintiff was on a ladder assisting in

placing a steel joist on the roof of a building under construction when the end of the joist contacted the line which was located about seven or eight feet over the wall. In *Essick v. Lexington*, 233 N.C. 600, 65 S.E. 2d 220 (1951), the electric line was four feet above a tramway being constructed over a street with the knowledge and permission of the defendant, and plaintiff's intestate was electrocuted when a strip of metal he was using to cap the top of the roof came into contact with the wires. But the holding in *Essick* was disapproved by the Supreme Court in *Floyd v. Nash, supra*. In *Williams v. Carolina Power and Light Co., supra*, plaintiff had repaired a house gutter and was injured when the ladder, balanced straight up in the air ready to be "walked down" came in contact with electrical wires running near the roof of the house. The court stated:

> "Furthermore, there is an inference raised by this plaintiff's evidence that the ladder hit the wires due to an unavoidable accident. . . .
>
> Plaintiff testified through his deposition that the land behind Mr. Tucker's house was sloping. The plaintiff, his assistant and Mr. Tucker were all balancing the ladder away from the house when Mr. Tucker was called away to answer a telephone call.
>
> Defendant presented evidence to the contrary. Thus, a question of fact is raised which must be resolved by the jury. . . ."

296 N.C. at 404-405, 250 S.E. 2d at 258-259.

Further, in *Williams*, the court noted that *Floyd v. Nash, supra*, was not controlling because in *Williams* "there was . . . evidence of due care taken by plaintiff's intestate to avoid the wires." *Id*.

Between those cases holding contributory negligence as a matter of law and those cases holding the evidence was for the jury, the line is thin and at some places obscure or nebulous.

Whether a particular case is placed on one or the other side of this line is dependent upon all the circumstances of the case. The knowledge and experience of the injured party, the nature of his work, and the need for working in the vicinity of the line, whether the contact with the wires was the result of an inadvertent slip or other unexpected mishap, are factors which the appellate courts have considered as relevant and material in determining whether the worker was or was not guilty of contributory negligence as a matter of law. The *Bowen* and *Williams* cases, *supra*, are indicative of a trend by the Supreme Court of North Carolina to place on the defendant a heavier burden in establishing contributory negligence as a matter of law in cases of this kind. In light of this trend it may be advisable for the trial court, in such cases where the line is not clear, to reserve its ruling on a motion for directed verdict until the jury has returned a verdict and then allow or deny a motion for a judgment notwithstanding that verdict under Rule 50(b), which on appeal may obviate the need for a new trial if the appellate court reverses the judgment notwithstanding the verdict.

Applying these principles of law to the evidence in the case *sub judice*, we conclude that the evidence was not sufficient to establish negligence as a matter of law on the part of Ben Partin, that the trial court erred in allowing the directed verdict for defendant, and that we must vacate the judgment directing a verdict and order a retrial.

On retrial the trial court will be required to instruct the jury on many principles of law and to apply the law to the evidence. In doing so the trial judge may find it desirable for clarity to submit, rather than the usual three issues commonly used in personal injury cases, the following issues:

1. Was plaintiff injured by the negligence of the defendant?

2. Was the negligence of the defendant a proximate cause of the injury to the plaintiff?

3. Did plaintiff by his own negligence contribute to his injury?

4. Was Ben Partin the agent of the plaintiff?

5. Did Ben Partin by his negligence contribute to the injury of the plaintiff?

6. What amount, if any, is plaintiff entitled to recover for his personal injuries?

The judgment directing verdict for defendant is vacated and this cause is remanded for a

New trial.

Chief Judge MORRIS and Judge ARNOLD concur.